Affirmed as Modified; Opinion Filed October 9, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-10-00436-CR

KAREEM LEJON MARTIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F07-54009-QR

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Moseley

Kareem Lejon Martin pleaded guilty before a jury to aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03(a) (West 2011). After finding appellant guilty, the jury assessed punishment at forty years' imprisonment. In a single issue, appellant contends the trial court's judgment should be modified to delete the order that he pay attorney's fees. We modify the judgment to delete the order of attorney's fees and affirm as modified. The background of the case and the evidence admitted at trial are well known to the parties, thus we limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

Appellant argues the trial court erred in assessing attorney's fees as part of the court costs. Specifically, appellant asserts that because he was found to be indigent by the trial court before the trial, and there was no evidence of any material change in his circumstances, attorney's fees should not have been assessed.

A trial court may order a defendant to repay costs of court-appointed legal counsel if the trial court determines the defendant has the financial resources to offset in whole or in part the costs of the legal services provided. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011). A defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). When a defendant has been found to be indigent, it is presumed he remains indigent for the remainder of the proceedings in the case unless a material change in a defendant's financial circumstances occurs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p).

The trial court's docket sheet contains a handwritten notation that orders attorney's fees in the amount of $2,500, and the judgment orders court costs in the amount of $2,736. The record shows appellant was represented by court-appointed counsel, and contains written findings from the trial court that appellant is indigent and was appointed counsel to represent him on the appeal. Because nothing in the record demonstrates appellant had the financial resources to offset the costs of legal services, we conclude the trial court erred by ordering appellant to pay a fee for court-appointed counsel. *See Mayer*, 309 S.W.3d at 556–57. We sustain appellant's issue. We modify the judgment to delete the order that appellant pay $2,500 in attorney's fees and to show appellant must pay $236 in court costs. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet.

ref'd).

As modified, we affirm the trial court's judgment.


_____
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
100436F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KAREEM LEJON MARTIN, Appellant

No. 05-10-00436-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F07-54009-QR).
Opinion delivered by Justice Moseley, Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Court Costs" is modified to show "$236.00."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered October 9, 2012.

_____
JIM MOSELEY
JUSTICE